# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CT-00552-SCT

*ARVIN PHILLIP JOHNSON*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/06/2009 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ROBERT B. MCDUFF |
| | SIBYL C. BYRD |
| | MICHAEL P. ADDIS |
| | CHARLES E. LAWRENCE, JR. |
| | CHARLES E. LAWRENCE, III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | MALDON J. COTTRELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED - 11/17/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     On February 27, 2009, Alvin Phillip Johnson was convicted of possession of cocaine and sentenced to sixteen years in the custody of the Mississippi Department of Corrections, with nine years suspended, five years of post-release supervision, and a $3,000 fine.[1]  The

---

[1]As part of his sentence, Johnson also was required to participate in alcohol/drug testing and an intensive program within the Mississippi Department of Corrections.

Court of Appeals affirmed Johnson's conviction and sentence. *Johnson v. State*, 49 So. 3d 130, 138 (Miss. Ct. App. Nov. 30, 2010). Johnson petitioned this Court for a writ of certiorari concerning two issues: (1) whether the State presented sufficient evidence to sustain Johnson's conviction of cocaine possession; and (2) whether the agents' search of a nearby vehicle violated Johnson's right to be free from unreasonable searches and seizures within the Fourth and Fourteenth Amendments to the United States Constitution and Sections 14 and 23 of the Mississippi Constitution.

¶2. This Court has granted Johnson's certiorari petition, and we find Johnson's first issue to be dispositive. The State failed to prove beyond a reasonable doubt that Johnson was in constructive possession of the cocaine found in the nearby vehicle. Therefore, the circuit court erred by denying Johnson's motion for judgment notwithstanding the verdict (JNOV). Finding that proximity alone is insufficient to show constructive possession, and that the State presented no additional incriminating circumstances, we reverse the Court of Appeals' judgment and that of the trial court and render judgment in Johnson's favor.

**FACTS**

¶3. On December 5, 2006, at approximately 6:25 p.m., agents from the Mississippi Bureau of Narcotics (MBN) were in Marion County, Mississippi, conducting a drug buy/bust operation. The target of the operation was "Teddy," who allegedly was selling drugs out of a small, locally owned convenience store located on Highway 13 South. The MBN agents used a wired, confidential informant to make contact with Teddy to buy some marijuana using marked "buy" money. There were two MBN teams: one located north of the store and

2

one located south of the store.[2] When the informant arrived at the store to purchase drugs from Teddy, Teddy called a man named Walter to bring the marijuana to the store. Walter arrived with the drugs shortly thereafter, and Teddy sold the drugs to the informant. The informant then left the store with the marijuana. After Walter drove away with half of the marked buy money, one of the MBN teams left the scene to arrest him.

¶4.     When the other MBN agents went to the store to arrest Teddy, they saw a car parked under the store's awning between the gas pumps and the front door of the convenience store. The car had not been at the station when Teddy had sold the drugs to the informant just a few minutes prior. The agents also saw an unknown individual, later identified as Johnson, near the car, talking to Teddy. To secure the scene, the agents handcuffed Johnson and Teddy and had them lie face down on the ground. Johnson was not under arrest at the time. The agents conducted a pat-down search of both men, but found no incriminating evidence or weapons. After conducting a search of the nearby vehicle, the agents discovered  a white, rock-like substance, later confirmed to be .7 gram of cocaine, above the car's driver-side visor.

¶5.     Johnson later was indicted for possession of a controlled substance (cocaine) in violation of Mississippi Code Section 41-29-139(c) (Rev. 2009). Johnson was charged as a subsequent offender under Section 41-29-147 based on his previous conviction for possession of a controlled substance.[3] During his trial, Johnson filed a motion to suppress

---

[2]An MBN agent also was assigned to follow the confidential informant.

[3]Johnson was convicted of possession of a controlled substance in the Circuit Court of Marion County and was sentenced to serve eight years in the Mississippi Department of

the evidence of the cocaine, claiming the search was illegal. The circuit judge denied the motion, and Johnson was found guilty of cocaine possession. Johnson filed a motion for (judgment notwithstanding the verdict) or, in the alternative, a new trial, on the basis that the State had failed to present sufficient evidence to establish the elements of constructive possession. The circuit court denied the motion, and the Court of Appeals affirmed the judgment of the circuit court. Aggrieved, Johnson petitioned this Court for a writ of certiorari, which we granted.

## STANDARD OF REVIEW

¶6. A motion for JNOV challenges the legal sufficiency of the evidence. *Bush v. State,* 895 So. 2d 836, 843 (Miss. 2005). When examining the sufficiency of evidence in the grant or denial of a motion for directed verdict or for judgment notwithstanding the verdict, it is necessary to determine whether the evidence shows "beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction." *Id.* (quoting *Carr v. State,* 208 So. 2d 886, 889 (Miss. 1968)). If any facts or inferences "point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render." *Bush,* 895 So. 2d. at 843 (quoting *Edwards v. State,* 469 So. 2d 68, 70 (Miss. 1985)).

Corrections.

4

**DISCUSSION**

¶7.     "[P]ossession of a controlled substance may be actual or constructive. . . ." *Berry v. State,* 652 So. 2d 745, 748 (Miss. 1995) (citing *Wolf v. State,* 260 So. 2d 425, 432 (Miss. 1972)).  In *Curry v. State,* 249 So. 2d 414, 416 (Miss. 1971), this Court stated that, in order to establish constructive possession, "there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it."

¶8.     Because Johnson did not have actual possession of the cocaine, Johnson was found guilty of constructive possession; therefore, he asserts that the State failed to prove both elements for constructive possession.  "Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." *Curry,* 249 So. 2d at 416.  "Constructive possession may be shown by establishing that the drug involved was subject to [the defendant's] dominion or control." *Hudson v. State,* 30 So. 3d 1199, 1204 (Miss. 2010).   This Court has held that "absent some competent evidence connecting him with the contraband," the defendant is entitled to acquittal. *Powell v. State,* 355 So. 2d 1378, 1379 (Miss. 1978) (citations omitted).

¶9.     The Court of Appeals found that the State had presented sufficient incriminating facts to support constructive possession. *Johnson,* 49 So. 3d at 137.  We respectfully disagree.

¶10.    It is undisputed that the car in which the cocaine was found was not at the gas station at the time the informant bought the marijuana from Teddy.  Neither was Johnson at the gas station at the time of the drug exchange.  Both the vehicle and Johnson arrived at the gas

5

station within the short time between the drug exchange and the MBN agents' arrival. However, the State presented no evidence showing that Johnson had driven the car to the gas station or that he had been a passenger of the car. The Court of Appeals recognized that investigation had determined that Johnson was not the owner of the vehicle and that no actual evidence existed regarding who owned the car. *Johnson*, 49 So. 3d at 137.

¶11. The Court of Appeals found that, because Johnson had raised no objection to the testimony regarding ownership of the car, the jury could have drawn a reasonable inference as to Johnson's relation to the owner of the vehicle. *Id.* However, the State has the burden of establishing constructive possession. *Sisk v. State*, 290 So. 2d 608, 610 (Miss. 1974). The State solely used Agent Jonathan Harless's testimony to establish Johnson's connection to the cocaine in the vehicle. When asked if the vehicle was registered in Johnson's name, Harless testified that it was not. Harless's testimony also revealed that no legal documents indicated Johnson was the owner of the car. Further, Harless could not recall exactly who the car belonged to or who actually picked up the car from the scene. When asked about the ownership of the car, he stated, "I believe going from memory, and I could be incorrect, I believe the owner was Mr. Johnson's mother." He also stated that he was unsure whether Johnson's father or another family member took custody of the vehicle.

¶12. The dissent relies on *Dietz v. Consolidation Oil & Gas, Inc.*, 643 F.2d 1088, 1094 (5th Cir. 1981) and would affirm the trial court. In that case, which concerned a dispute over mineral rights, the plaintiff testified to his lost profits based on his recollection. Also, the record in that case contained information which could have been used to impeach the

6

plaintiff's testimony based on his recollection. *Id.* at 1093. ***Dietz*** is a civil case in which the plaintiff had merely to show, more likely than not, that the defendant was liable. The State in the present case was required to prove guilt beyond a reasonable doubt, and this Court finds that Harless's testimony does not meet that burden. In the present case, the State did not provide any competent evidence as to the owner of the car or who moved the car from the scene. Black's Law Dictionary defines speculation as "[t]he act or practice of theorizing about matters over which there is no certain knowledge." *Black's Law Dictionary* 1435 (8th ed. 2004). Harless admitted that his testimony might be incorrect. In fact, whenever he was asked if the police ever discovered the owner of the car, he replied, "I do not recall." Harless's testimony also was vague as to who took custody of the car after Teddy's arrest. He stated, "I'm unsure if it was your client's father or one of his family members arrived I believe to take custody of the vehicle." His testimony is not supported by any other evidence found in the record.

¶13. It is elementary that the burden of proof is on the *State* to establish ownership of the automobile. Johnson's failure to object to Harless's testimony cannot be used to support an inference that Johnson was affiliated with the car. The State failed to present sufficient evidence as to the ownership of the car or who actually removed the car after Teddy's arrest.

¶14. In addition to proving Johnson had dominion and control over the car, the State also is required to show additional incriminating circumstances. Specifically, the State must prove that Johnson was intentionally and consciously in possession of the cocaine.

¶15. This Court has deemed evidence insufficient in cases where the State presented far more evidence than in the present case. In *Fultz v. State*, 573 So. 2d 689 (Miss. 1990), the defendant was convicted on the grounds of constructive possession with the intent to sell marijuana. *Id.* The defendant was pulled over for suspicious driving and was the only occupant of the car. *Id.* The police later discovered that the car actually belonged to the defendant's sister. *Id.* at 690. After the defendant was arrested, the police conducted an inventory search and found marijuana in the trunk of the car. *Id.* Not only did the defendant have marijuana on him at the time, but at the time of the arrest, he also admitted to having smoked marijuana. *Id.* This Court ultimately held that the State had failed to present sufficient evidence to establish constructive possession. In reversing Fultz's conviction, this Court focused on the police's lack of effort to investigate further:

> Evidence of such a questionable quality cannot take the place of good police work. We cannot help but wonder why the police department failed to dust the trunk for fingerprints or for that matter the bags themselves. Also why didn't they try to determine if the defendant owned the duffel bag or any of the other items in the trunk. This could have bolstered their case considerably. It also would have been helpful to question the owner of the car. In light of this poor police work, and the absence of any evidence connecting the defendant with the trunk or any of its contents, we have no choice but to reverse this conviction and discharge the defendant.

*Id.* at 691.

¶16. Similar to the defendant in *Fultz*, Johnson was not the owner of the car. In fact, no one ever saw Johnson in the car or driving the car. However, the State and the Court of Appeals referred to Johnson as the driver of the car, although no evidence was presented to that effect. *Johnson*, 49 So. 3d at 137. The police did not determine who actually owned the car or who

8

had arrived to recover the car from the crime scene. Even if Johnson had been driving the car, like the defendant in *Fultz*, the white plastic bag that contained the cocaine was above the sun visor, which was in the upright position. The police did not find Johnson's fingerprints on the bag containing the cocaine. In fact, the police did not even check the bag for fingerprints. When the agents performed a pat-down on Johnson, they found no incriminating evidence or weapons. This Court reversed Fultz's conviction based on lack of sufficient evidence, and we find that Johnson's conviction must be reversed for the same reason.

¶17. Also, in *Ferrell v. State,* 649 So. 2d 831, 835 (Miss. 1995), this Court held the State had failed to prove constructive possession of drugs found in a matchbox next to the driver seat of the defendant's car. *Ferrell,* 649 So. 2d at 835. The defendant did not own the vehicle, but had been in possession of the vehicle for fifteen hours. *Id.* This Court reversed Ferrell's conviction because there were no additional incriminating circumstances. *Id.* "No drug paraphernalia was found in the car, Ferrell was not on drugs at the time he was arrested, and his fingerprints were not found on the matchbox." *Id.* This Court cited *Fultz* to support its reasoning, stating that:

> The contraband was not positioned in such a way that its presence would be reasonably apparent to a person riding in the car. The mere fact that the matchbox was only a matter of inches from where the defendant was sitting, rather than in the trunk, does not overcome the fact that the crack was cloaked.

*Id.* (citing *Cunningham v. State,* 583 So. 2d 960, 962 (Miss. 1991)).

¶18. This Court's decisions in *Fultz* and *Ferrell* further support our decision to reverse Johnson's conviction and sentence based on the State's failure to prove constructive

9

possession. As in *Ferrell*, the cocaine found in the vehicle near Johnson would not have been apparent to a person riding in the car. It was found in a white plastic bag above the driver-seat sun visor in the upright position. Agent Harless admitted he was not sure whether Johnson had ever handled the bag. Also, it was never determined whether Johnson had been in the car at any time. Therefore, the State presented no incriminating circumstances to support the inference that Johnson constructively possessed the cocaine found in the nearby vehicle.

¶19. The dissent attempts to distinguish *Fultz* and *Ferrell* from the present case, based on the fact that the drugs were located above the car's sun visor. However, as in *Fultz* and *Ferrell*, the cocaine would not have been reasonably apparent to someone driving the car, just as contraband located in a matchbox or duffle bag would not have been reasonably apparent. The incident occurred at approximately 6:25 p.m. The sun visor was in the upright position. Based on the evidence before us, we agree with the finding of our Court of Appeals that Johnson was not the owner of the car. Therefore, if Johnson did borrow the car from a relative, the State still has to prove beyond a reasonable doubt that Johnson knew the cocaine was above the sun visor and that he intended to possess the cocaine. The State presented no evidence to show Johnson intentionally and consciously possessed the contraband hidden above the car visor.

¶20. Additionally, the Court of Appeals mistakenly used Johnson's relationship with Teddy to support its finding that the State had presented sufficient evidence for a finding of constructive possession. *Johnson*, 49 So. 3d at 137. "Mere presence does not indicate participation in the purchase. Nor does it support an inference of dominion and control."

10

*Berry v. State*, 652 So. 2d 745, 748 (Miss. 1995). The Court of Appeals' reliance on Johnson's relationship with Teddy "is a prime example of a person being held guilty by association. Association will not suffice to satisfy the requirements" for constructive possession. *Vickery v. State*, 535 So. 2d 1371, 1379 (Miss. 1988).

¶21. The State did not present any evidence that Johnson knew Teddy or knew that Teddy was a drug dealer. More importantly, Johnson was charged with constructive possession of cocaine, and Teddy was under investigation for the sale of marijuana. The fact that Johnson had a conversation with Teddy does not prove that they knew each other in advance or planned to engage in a drug transaction. *See, e.g., Ybarra v. Illinois*, 444 U.S. 85, 91, 100 S. Ct. 338, 342, 62 L. Ed. 2d 238 (1979).

¶22. The State was required to present incriminating circumstances in addition to Johnson's proximity to the vehicle. The State has the burden to prove the defendant was aware of the cocaine and intentionally possessed it. *Hudson,* 30 So. 3d at 1204. "[V]iewing the evidence in the light most favorable to the prosecution"as required by our standard of review, we do not agree that a rational trier of fact could find that the elements of constructive possession existed based on this evidence alone. *Bush*, 895 So. 2d. at 843. Therefore, we reverse Johnson's conviction and render a judgment of acquittal.

## CONCLUSION

¶23. Johnson's location near the vehicle, absent "additional incriminating circumstances," is not sufficient to sustain his conviction of constructive possession. *Fultz*, 573 So. 2d at 690. Because the State failed to present sufficient evidence to support a finding of constructive

11

possession, we reverse the Court of Appeals' and the trial court's decisions and render judgment in favor of Johnson.

¶24.   **REVERSED AND RENDERED**.

**WALLER, C.J., DICKINSON, P.J., KITCHENS AND PIERCE, JJ., CONCUR. CARLSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH AND LAMAR, JJ., KING, J., NOT PARTICIPATING.**

**CARLSON, PRESIDING JUSTICE, DISSENTING:**

¶25.   The majority reverses and renders, holding that the State failed to present sufficient evidence to sustain Johnson's conviction of constructive possession of cocaine.  I find that sufficient evidence was presented to sustain the jury's verdict, and therefore I respectfully dissent.

**I. Facts**

¶26.   This case arose out of a drug bust conducted by the Mississippi Bureau of Narcotics (MBN) in Marion County at a gas station.  The target was a man named "Teddy."  An individual cooperating with the MBN purchased marihuana from Teddy using marked bills; the drug was delivered by a man referred to as "Walter."  Three of the six MBN agents followed Walter, and the other team members returned to the gas station five to seven minutes after the buyer cooperating with the MBN had departed the scene.  By the time the agents arrived at the gas station, they discovered Johnson standing near a vehicle, having a conversation with Teddy.  Neither Johnson nor the vehicle Johnson was standing next to had been there minutes previously when the buyer was present.

12

¶27. The MBN team had only three members facing two potentially dangerous individuals. They had anticipated having six men facing one, but three agents were pursuing Walter, and the presence of Johnson was unexpected. Securing the scene became a priority. The agents handcuffed Johnson and Teddy and had them lie face-down on the ground.

¶28. The agents undertook a pat-down search of the two men but found no incriminating evidence or weapons. The agents next undertook a "wingspan" search of the vehicle – the area which potentially could have been reached by Johnson or Teddy if a fight broke out. The agents checked the driver-side sun visor. The visor was in the upright position at the time, but according to the trial testimony of MBN agent John Harless, the sun visor could have had a compartment large enough to hold a gun, knife, or razor. No weapon was discovered, but the sun visor compartment did contain a piece of a white plastic bag, described as similar to a grocery store bag. The item partially visible inside the semi-transparent bag was a white rock-like substance. Agent Harless testified that, even without opening the bag, "[b]ased upon experience, training, numerous times encountering the substance, I felt most certain that it was going to be crack cocaine." The substance was later confirmed to be 0.7 grams of cocaine.

¶29. Johnson was indicted for possession of a controlled substance (cocaine) and also was charged as an habitual drug offender under Mississippi Code Section 41-29-147, based on his previous conviction for possession of a controlled substance. During trial, Johnson filed a motion to suppress the cocaine evidence, claiming that the search was illegal. The trial judge denied this motion, and Johnson was found guilty. Johnson filed a motion for JNOV or, in the alternative, a new trial. The motion was denied by the circuit court, and the Court of

13

Appeals affirmed the judgment of conviction and sentence. *Johnson v. State*, 49 So. 3d 130, 138 (Miss. Ct. App. Nov. 30, 2010). The majority reverses and renders, finding that the State failed to present sufficient evidence to support a finding of constructive possession. Because the majority finds this issue to be dispositive, it does not address Johnson's allegation of illegal search and seizure.

## II. Standard of Review

¶30.    "[I]n considering whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows 'beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" *Bush v. State*, 895 So. 2d 836, 843 (Miss. 2005) (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1985)). If any facts or inferences "'point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty,' the proper remedy is . . . to reverse and render." *Bush v. State*, 895 So. 2d 836, 843 (quoting *Edwards v. State*, 469 So. 2d 68, 70 (Miss. 1985)). However, this Court will reverse a circuit court's denial of a motion for a new trial only when the verdict is "so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Hearn v. State*, 3 So. 3d 722, 741 (Miss. 2008).

14

¶31. Johnson did not have actual possession of the cocaine, and he thus was found guilty of constructive possession. To establish constructive possession, "there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." *Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971). This Court has held that "absent some competent evidence connecting him with the contraband[,]" the defendant is entitled to acquittal. *Powell v. State*, 355 So. 2d 1378, 1379 (Miss. 1978) (citations omitted).

¶32. The majority finds there was insufficient evidence for a rational trier of fact to find that the elements of constructive possession existed. I disagree. I would hold that the competent evidence was legally sufficient to the extent that the jury could draw reasonable inferences and arrive at a guilty verdict.

¶33. Juries are not required to view cases in a vacuum. Judge Prichard instructed the jury on its solemn responsibilities in this case. Among Judge Prichard's instructions to the jury was the following:

> As sole judges of the facts in this case, you determine what weight and credibility will be assigned the testimony and supporting evidence of each witness in this case. *You are required to use your good common sense and sound, honest judgment in considering and weighing the testimony of each witness.*

(Emphasis added.)

### III. Johnson's Connection to the Vehicle

¶34. Johnson and the majority correctly note that neither Johnson nor the car that he was found next to was at the scene when the informant was purchasing the marihuana from Teddy.

15

Johnson and the vehicle both arrived in the five-to-seven-minute interval before the agents arrived, but there is no direct evidence that Johnson drove the car or rode in it as a passenger to the gas station.

¶35.   However, there was evidence as to the vehicle's ownership.  Agent Harless testified that either Johnson's father or another family member took custody of the vehicle after Johnson's arrest.  As to the owner, Harless stated "I believe going from memory, and I could be incorrect, that the owner was Johnson's mother."  The majority describes these statements as merely speculative.

¶36.   I disagree with this characterization.  The statements both relied on a faulty memory, but that does not make them speculative.  *See, i.e., **Dietz v. Consol. Oil & Gas, Inc.**,* 643 F.2d 1088, 1094 (5th Cir. 1981) ("Yancey's testimony may have been sketchy, it may have been based on poor memory, and it may have been wrong but being based on recollection rather than mere hypothesis and conjecture, it was not speculative.")  Agent Harless testified that the car was collected by, and thus presumably owned by, a member of Johnson's family.  The jury had no reason to doubt this testimony, and the defense offered no contradictory testimony.  Coupled with Johnson's presence next to the vehicle, the shortness of the interval during which the MBN agents were not observing the gas station, and the absence of any other purported driver of the vehicle, the evidence was sufficient for the jury to draw a reasonable inference that Johnson had driven the car to the gas station.

### IV. Precedent

16

¶37.   The majority cites two prior decisions of this Court in which it characterizes the State as presenting "far more evidence" than in the present case.  In *Fultz v. State*, 573 So. 2d 689 (Miss. 1990), the defendant was convicted of constructive possession with intent to sell marihuana, where the car he was driving belonged to the defendant's sister; marihuana was found in a set of plastic bags contained in a duffel bag in the trunk of the car; and the defendant admitted to having smoked marihuana prior to his arrest.  This Court held that the State had failed to present sufficient evidence to establish constructive possession. *Id.* at 691. In *Fultz*, this Court specifically cited "poor police work" due to the failure of the police to dust the trunk or the  bags for fingerprints. *Id.* at 691.

¶38.   I would hold that this case is distinguishable from *Fultz*.  The sun visor of a car is unlike the trunk.  It is much more accessible to the driver and much less likely to bear long-term cargo.

¶39.   As far as fingerprinting is concerned, the police in *Fultz* could have fingerprinted the material of the trunk or the duffel bag; the duffel bag itself contained numerous plastic bags. A plastic bag by nature is far harder to fingerprint than carpet or canvas, and any such evidence here was contained on one piece of one plastic bag.  Unlike the situation in *Fultz*, there is no indication here of "poor police work," and I consider this case to be distinguishable.

¶40.   In *Ferrell v. State*, 649 So. 2d 831, 835 (Miss. 1995), this Court held that the State had failed to prove constructive possession of drugs found in a matchbox next to the driver seat, where the driver had possessed the car for fifteen hours and there were no additional

17

incriminating circumstances – including no drug paraphernalia found on the car, no fingerprints found on the matchbox, and the defendant was not on drugs when arrested. This Court stated that "the contraband was not positioned in such a way that its presence would be reasonably apparent to a person riding in the car. The mere fact that the matchbox was only a matter of inches from where the defendant was sitting, rather than in the trunk, does not overcome the fact that the crack was cloaked." *Id.* (citing *Cunningham v. State*, 583 So. 2d 960, 962 (Miss. 1991)).

¶41. The present case is unlike *Ferrell*. In that case, the drug was concealed in a matchbox, positioned so that it would not be reasonably apparent to the driver of the car. *Ferrell*, 649 So. 2d 831, 835.

¶42. The majority also argues that the Court of Appeals mistakenly used Johnson's relationship with Teddy to support its finding that the State had presented sufficient evidence for constructive possession, and notes that "[m]ere presence does not indicate participation in the purchase. Nor does it support an inference of dominion and control." *Berry v. State*, 652 So. 2d 745, 748 (Miss. 1995). The majority characterizes this as a "prime example" of holding the defendant guilty by association, and notes that "[a]ssociation will not suffice to satisfy the requirements" for constructive possession. *Vickery v. State*, 535 So. 2d 1371, 1379 (Miss. 1998).

¶43. In making this determination about guilt by association in *Vickery*, this Court found that "[t]he only external relationship as required by *Curry v. State* between Vickery and the marijuana was the relationship between Vickery and Gary Hall." *Vickery*, 535 So. 2d at 1379

18

(citing *Curry v. State*, 249 So. 2d 414 (Miss. 1971)). Here, Johnson has not been accused or convicted of any participation in Teddy's crimes. Yet it remains true that Johnson was alone with Teddy, a known drug dealer, immediately after Teddy had committed a drug-related crime and at the exact location of the crime. It was reasonable for the jury to take note of these facts in arriving at its determination involving Johnson's unrelated crime. The jury also had available much stronger and more indicative evidence of Johnson's guilt in the form of the vehicle, owned by a family member of Johnson's, which contained contraband cocaine in a conspicuous compartment.

## V. Conclusion

¶44. It is within the province of the jury "to resolve matters regarding the weight and credibility of the evidence." *Stevenson v. State*, 733 So. 2d 177, 186 (Miss. 1998) (quoting *Hiter v. State*, 660 So. 2d 961, 964 (Miss. 1995)). I would hold that there is sufficient evidence for the jury to have drawn reasonable inferences and to have determined that Johnson was in constructive possession of the cocaine.

¶45. Since the majority finds the constructive possession issue dispositive, it does not address the issue of the search and seizure of the cocaine evidence. I would adopt the analysis of the Court of Appeals, which finds that the search was not unreasonable. *Johnson*, 49 So. 3d at 136-37.

¶46. Accordingly, I would affirm the judgment of the circuit court and of the Court of Appeals. Because the majority holds otherwise, I respectfully dissent.

**RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.**

19