RUSSELL, J.,
dissenting:
¶ 15. The majority finds that there was sufficient evidence to support Fontenot’s conviction for constructive possession. I disagree. I would find that the State failed to prove, beyond a reasonable doubt, that Fontenot was in constructive possession of the methamphetamine found on the hotel-room table. Therefore, I respectfully dissent.
¶ 16. Our standard of review for a JNOV motion, which challenges the legal sufficiency of the evidence, is as follows:
When examining the sufficiency of evidence in the grant or denial of a motion for directed verdict or for [a] judgment notwithstanding the verdict, it is necessary to determine whether the evidence shows beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test[,] it is insufficient to support a conviction. If any facts or inferences point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, the proper remedy is for the appellate court to reverse and render.
Johnson v. State, 81 So.3d 1020, 1023 (¶ 6) (Miss.2011) (internal citations and quotations omitted).
¶ 17. “Possession of a controlled substance may be actual or constructive.” Id. at (¶ 7). To establish constructive possession, “there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.” Id. (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). “Constructive possession may be shown by establishing that the drug involved was subject to the defendant’s dominion or control.” Id. at (¶8).
¶ 18. “A presumption of constructive possession arises against the owner of premises upon which contraband is found.” Cunningham v. State, 583 So.2d 960, 962 (Miss.1991). “However, when contraband is found on premises which are not owned by [the] defendant, mere physical proximity to the contraband does not, in itself, show constructive possession.” Id. Instead, “the [S]tate must show additional incriminating circumstances to justify a finding of constructive possession.” Id. (quoting Fultz v. State, 573 So.2d 689, 690 (Miss.1990)). Further, “where the premises upon which contraband is found [are] not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband.” Id. (quoting Powell v. State, 355 So.2d 1378, 1379 (Miss.1978)). “[W]hen contraband is found on premises, there must be evidence, in *806 addition to physical proximity, showing the defendant consciously exercised control over the contraband, and, absent this evidence, a finding of constructive possession cannot be sustained.” Id.
¶ 19. In this case, the officers never determined who rented the hotel room where the plastic bag containing methamphetamine was found. Therefore, the State was required to submit additional incriminating evidence to prove constructive possession. See id. The State failed to do so. The only evidence consisted of: (1) officers observing Fontenot leaning over the table containing the bag of methamphetamine; (2) officers observing Fon-tenot’s wallet lying next to the bag on the table; (3) officers observing Fontenot’s shoes and clothing inside the hotel room; (4) Officer Daniel Castillo’s testimony that Fontenot told him “he picked [up the bag] and looked at it and knew it to be either meth or cocaine”; and (5) Overall’s inconsistent statements.
¶ 20. Of course, items (1) thru (3) above deal with proximity, which is not enough to prove constructive possession, especially in light of the fact that several people had been in and out of the hotel room, and because the State failed to establish who rented the room. Additionally, clothing and other items belonging to Overall were found in the hotel room along with some items belonging to Fontenot. In my view, the fact that Fontenot happened to be the only person in the hotel room when the police approached Overall and White outside of the room is not indicative of Fonte-not’s possession, either actual or constructive, of the illegal drugs. Immediately prior to approaching Overall and White, the police had observed them going in and out of the room.
¶ 21. As to item (4), if this statement was made, it would support Fontenot’s position in that he did not know the “character” of the substance; instead, he said it was “either meth or cocaine.” I also note that there was not a scintilla of evidence that Fontenot exercised dominion or control over the bag other than his alleged statement, which, in my view, favors Fon-tenot more than hurts him. There is also no evidence that Fontenot intentionally or consciously possessed the bag other than briefly picking it up.
¶ 22. Finally, as to item (5) above, Overall made a statement to police that Fontenot had been smoking methamphetamine because there were pieces of foil on the floor, which had been used for smoking methamphetamine.[3] At trial, Overall testified that he did not remember making this statement because he was high at the time and could not remember much from that day. Although Overall did not deny making the statement, he also testified that if he made such a statement, it was a lie because he was trying to place the blame elsewhere while he was high. Overall never stated that Fontenot was smoking meth from the bag found on the table in the hotel room. At the time of Fontenot’s trial, Overall had already pleaded guilty to possessing the same bag of methamphetamine found in the hotel room and was serving a sentence for his conviction. He testified that the bag of drugs found in the room was his, and that Fontenot had nothing to do with the bag. While Overall’s inconsistent statements go towards his credibility, which is clearly an issue for the jury, I would find that the State failed to prove Fontenot’s constructive possession beyond a reasonable doubt.
¶ 23. Fontenot’s mere presence at the hotel and proximity to the drug, absent additional incriminating evidence, are not *807 sufficient to sustain his conviction of constructive possession of methamphetamine. See Johnson, 81 So.3d at 1026 (¶ 23); Cunningham, 583 So.2d at 962. Because the State failed to present sufficient evidence of constructive possession beyond a reasonable doubt, I would reverse Fontenot’s conviction and render judgment in his favor.
IRVING, P.J., AND ISHEE, J., JOIN THIS OPINION.

. No foil was ever found.