# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00816-COA

JUANTEAZ MCDONALD A/K/A JUANTEAZ D.                    APPELLANT
MCDONALD A/K/A JUANTEZ MCDONALD
A/K/A JUANTEZ D. MCDONALD

v.

STATE OF MISSISSIPPI                                            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/02/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHOKWE ANTAR LUMUMBA |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN HAVRILLA MCCLINTON |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/19/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.    Juanteaz McDonald was indicted on two counts of armed robbery. Although he was repeatedly informed of his trial date, McDonald did not appear on the morning of trial; so the Madison County Circuit Court conducted the jury trial in absentia. *See* Miss. Code Ann. § 99-17-9 (Rev. 2015). McDonald was found guilty on both counts and received concurrent fifty-year sentences in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and five years of supervised probation. Appealing his convictions, McDonald claims that the circuit court erred in proceeding to trial in his absence and that he

was subjected to ineffective assistance of counsel. We affirm the judgment, finding the circuit court did not abuse its discretion in proceeding with the trial in absentia, and we dismiss without prejudice McDonald's claims of ineffective assistance of counsel.

## FACTS AND PROCEDURAL HISTORY

¶2.    In August 2014, McDonald was indicted, along with three accomplices, for two counts of armed robbery. His case was set for trial on December 1, 2014, and McDonald was released on bond. On November 14, 2014, McDonald appeared before the circuit court and informed the court that he wished to proceed to trial.[1] At a pretrial conference on November 17, 2014, the circuit judge directed McDonald to "stay in touch with [his] attorney and be prepared to go to trial on December the 1st or at some point in time later this week." McDonald appeared on December 1, but the trial was delayed, and he was told to come back the following morning at 9 a.m.

¶3.    On December 2, however, McDonald failed to appear in circuit court. The judge learned that the Jackson Police Department had issued two additional warrants for McDonald a week earlier and that McDonald was under federal investigation. Defense counsel had contacted McDonald's mother, who told her that when McDonald left the house that morning, he said he was not going to court. The circuit judge concluded that McDonald had "willfully, voluntarily and deliberately absented himself from the trial" and, therefore, "waived his right to be present." Defense counsel objected and moved for a continuance, which the court denied, and the trial proceeded in absentia. The jury found McDonald guilty

---

[1] McDonald had signed a guilty-plea petition, but at this hearing, he withdrew the petition.

on both counts and, on February 2, 2015, the court sentenced him to fifty years for each count in the custody of the MDOC, with ten years suspended, five years of supervised probation, and the sentences to run concurrently.

¶4. McDonald filed a motion for a judgment notwithstanding the verdict or a new trial, which asserted several claims of error, including the trial court's decision to conduct the trial in McDonald's absence. The court held a hearing on April 27, 2015, and subsequently denied the motion. McDonald now appeals.

## DISCUSSION

**I.    Whether the circuit court erred in proceeding with the jury trial in McDonald's absence.**

¶5. McDonald argues that because he had demonstrated a desire to participate in all stages of the trial process, the trial court erred in assuming his absence on the day of trial "evinced his willful and wanton disregard for the trial process." He further contends he was "prejudiced by the [circuit] court's decision to proceed to trial in his absence."

¶6. A circuit court's decision to try a defendant in absentia is reviewed under an abuse-of-discretion standard. *Haynes v. State*, 208 So. 3d 4, 6 (¶10) (Miss. Ct. App. 2016). Section 99-17-9 provides:

> In criminal cases the presence of the prisoner may be waived (a) if the defendant is in custody and consenting thereto, or (b) is on recognizance or bail, has been arrested and escaped, or has been notified in writing by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or is in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment made final and sentence awarded as though such defendant were personally present in court.

If a defendant takes "willful, voluntary, and deliberate actions to avoid trial," he "has waived

the right to be present at trial and may be tried in absentia." *Haynes*, 208 So. 3d at 6 (¶11) (quoting *Wales v. State*, 73 So. 3d 1113, 1119-20 (¶16) (Miss. 2011)). "This waiver, though, is balanced against a defendant's constitutional right to be present at trial." *Id*. (citing U.S. Const. amend. VI; Miss. Const. art 3, § 26).

¶7. There is no dispute that McDonald participated in the pretrial proceedings. He attended several hearings and meetings with his trial attorney, and even appeared in court on December 1. However, although McDonald was repeatedly informed as to his court date and told to appear for trial on December 2, he failed to do so. Moreover, McDonald's mother told his defense attorney that when McDonald left the house that morning, he said he was not going to court, evincing a willful decision to absent himself from the proceedings. *See Wales*, 73 So. 3d at 1120 (¶20) (finding no abuse of discretion in a circuit court's determination that the defendant had "voluntarily absented himself from the trial," when the record showed that he "knew the trial date, did not appear, and could not be located"). Accordingly, as the record clearly reflects that McDonald was aware of the trial date on December 2 and deliberately failed to appear, we find the circuit court did not abuse its discretion in finding McDonald "willfully, voluntarily and deliberately absented himself from the trial" and proceeding to trial in his absence.

¶8. We also find no merit to McDonald's claim he was prejudiced because he was not present to argue the credibility of the witnesses and their identification of him as one of the perpetrators. McDonald's deliberate absence from his trial operated as a waiver of that right. *See Wales*, 73 So. 3d at 1120 (¶20) (A defendant's "deliberate absence from trial operated

4

as a waiver" of his right to testify in his own defense.). Further, a review of the record shows that McDonald received a fair trial and suffered no prejudice from his willful absence.

## II. Whether McDonald was subjected to ineffective assistance of trial counsel.[2]

¶9.     McDonald argues his trial counsel provided ineffective assistance by failing "to review all of the evidence to be presented at trial with the defendant" and "to call into question the integrity of the trial process[.]" Additionally, McDonald makes vague assertions regarding counsel's failure to inquire of potential jurors as to any bias they may have had as a result of his absence and "to utilize the power of process of the court to compel the production of evidence" and witnesses.

¶10.     Generally, claims of ineffective assistance of counsel "are more appropriately brought during post-conviction proceedings." *Archer v. State*, 986 So. 2d 951, 955 (¶15) (Miss. 2008). Because an appellate court's review on direct appeal is limited to the trial court's record, "there may be instances in which insufficient evidence exists within the record to address the claim [of ineffective assistance of counsel] adequately." *Id*. (citing *Wilcher v. State,* 863 So. 2d 776, 825 (¶171) (Miss. 2003)). "In such a case, the appropriate procedure is to deny relief, preserving the defendant's right to argue the issue through a petition for post-conviction relief." *Read v. State,* 430 So. 2d 832, 837 (Miss. 1983).

> [An appellate c]ourt will rule on the merits on the rare occasions where (1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial

---

[2] McDonald is represented by new counsel on appeal. An order substituting counsel was entered on December 18, 2015.

judge.

*Wilcher,* 863 So. 2d at 825 (¶171) (citation omitted).

¶11. To support his claims, McDonald submitted an affidavit from his mother, Angel McDonald, on appeal, which summarily states that his attorney "failed to review all of the evidence in the case" with McDonald, "failed to subpoena any witnesses in his favor," and told McDonald that "she could not assure that he would get a fair trial." Since this affidavit is outside the circuit court's record, we may not consider it on appeal. Regarding his claim that counsel failed to review evidence, we can only assume this claim refers to the exchange at the beginning of trial in which trial counsel argued to the court that McDonald had not had an opportunity to review newly received evidence.[3] Counsel acknowledged, however, that McDonald had been informed a few days prior about the new evidence and had an opportunity to come to her office to review it but had failed to do so.

¶12. We find McDonald's allegations of ineffective assistance "are based on facts not fully apparent from the record" and cannot be addressed on direct appeal. As neither party has stipulated as to the adequacy of the record, and the record makes no affirmative showing of ineffective assistance of counsel, we dismiss McDonald's ineffective-assistance-of-counsel claim without prejudice, preserving his right to request permission from the Mississippi Supreme Court to file a petition for post-conviction relief. *See* Miss. Code Ann. § 99-39-7 (Rev. 2015).

¶13. We affirm McDonald's convictions of armed robbery and concurrent sentences of

---

[3] The State submitted DVDs containing discoverable information to defense counsel on November 24, 2014.

6

fifty years for each count in the custody of the MDOC, with ten years suspended and five years of supervised probation.

¶14. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**