KITCHENS, PRESIDING JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:
 

 ¶ 44. I agree with the majority that "[
 
 a
 
 ]
 
 ll
 
 of the State's evidence in the case stemmed from an unconstitutional search pursuant to an invalid warrant which failed adequately to describe the property to be seized by the executing officers." Maj. Op. ¶ 2 (emphasis added). Without the illegally obtained evidence, the State's case fails and there remains no appropriate remedy apart from rendering a judgment in Sutton's favor. Accordingly, I respectfully concur in part and dissent in part.
 

 ¶ 45. This Court has held repeatedly that, when evidence against a criminal defendant is insufficient to sustain a conviction in the absence of the admission of illegally obtained evidence, the correct remedy is to reverse and render.
 
 See
 

 Cook v. State
 
 ,
 
 159 So.3d 534
 
 , 541 (Miss. 2015) ("Without the evidence gathered as a result of the stop, the evidence against Cook is insufficient to sustain a DUI conviction .... As such, we reverse and render a judgment of acquittal.");
 
 Eaddy v. State
 
 ,
 
 63 So.3d 1209
 
 , 1216 (Miss. 2011) ("Since the evidence against Eaddy is insufficient to sustain a conviction for possession with intent to distribute without admission of evidence of the illegally obtained cocaine, we reverse and render.");
 
 Johnson v. State
 
 ,
 
 81 So.3d 1020
 
 , 1026 (Miss. 2011) ("Because the State failed to present sufficient evidence to support a finding of constructive possession, we reverse the Court of Appeals' and the trial court's decisions and render judgment in favor of Johnson.");
 
 Trejo v. State
 
 ,
 
 76 So.3d 684
 
 , 690 (Miss. 2011) ("As noted by the Court of Appeals, '[w]ithout the cocaine, there is no remaining evidence to uphold Trejo's conviction.' Therefore, we affirm the Court of Appeals' judgment to reverse and render Trejo's conviction and sentence.");
 
 White v. State
 
 ,
 
 735 So.2d 221
 
 , 224 (Miss. 1999) ("We hold that the search in this case was improper and unlawful. The evidence obtained thereby was 'fruit of the poisonous tree' and therefore inadmissible. Without this evidence, the conviction can not stand.").
 

 ¶ 46. In the present case, had the trial court sustained the defendant's motion to exclude the wrongfully seized evidence, that court also should have dismissed the charge with prejudice, as the State had adduced no other evidence of his guilt. Accordingly, nothing remains for the trial court to do and the proper course for this Court is to reverse and render judgment for the defendant.
 

 KING, J., JOINS THIS OPINION.