# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00946-COA

CHRISTOPHER WORD A/K/A CHRISTOPHER ERNEST WORD            APPELLANT

v.

STATE OF MISSISSIPPI            APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2018 |
| TRIAL JUDGE: | HON. JAMES McCLURE III |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE MARIE McMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/20/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

GREENLEE, J., FOR THE COURT:

¶1. Christopher Word was convicted in the First Judicial District of Panola County for possession of 40 grams but less than 200 grams of MMB-FUBINACA and possession of 200 grams or more of 5-fluoro-ADB with intent. Word was sentenced, as a non-violent habitual offender, to serve sixteen years for the charge in Count I and forty years for the charge in Count II, concurrently, in the custody of the Mississippi Department of Corrections (MDOC). We affirm Word's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2. In February 2018, a grand jury indicted Christopher Word for Count I, possession of 40 grams but less than 200 grams of MMB-FUBINACA with intent; Count II, possession of 200 grams or more of 5-fluoro-ADB with intent; and Count III, possession of 100 dosage units but less than 500 dosage units of Buprenorphine and Naloxone without a valid prescription. The indictment also charged Word as being a violent habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 2015).

¶3. On March 19, 2018, Word pled not guilty to the charges against him, and the court entered an order setting trial for May 14, 2018. The State proceeded to trial on Counts I and II, as scheduled. However, Word was not present at trial. Defense counsel stated, "Your Honor, personally I am ready [for trial]; however, for whatever reason, my client has, which he has the right to do so, has chosen not to exercise his right to be present for the trial today." Defense counsel then requested a continuance.

¶4. The trial judge noted that Word had rejected a plea offer less than a month earlier. The judge then asked defense counsel if he had attempted to contact Word that day, and counsel replied, "No sir. Your Honor, I have not. I did not have any contact with him last week when I attempted to contact him." The judge then denied the request for a continuance. Afterward, defense counsel stated, "Your Honor, I just would state for the record that Mr. Word was told both verbally and in writing on numerous occasions when to be present for trial, if he so desired to be present."[1]

¶5. During the State's case-in-chief, Frank Caswell, a probation officer with MDOC,

---

[1] The State similarly noted, "Mr. Word knew he had the right to be [at trial.]"

2

testified that in May 2017, Word was on probation and was being monitored by a Global Positioning System device (GPS). On May 9, 2017, Caswell and Gary Welch, another MDOC employee, went to Word's last known location—near an apartment complex in Sardis, Mississippi—to find Word because he had failed to charge the battery on his GPS.

¶6. When they arrived at Sardis Garden Apartments, Word was sitting outside on an air conditioning unit. Both Casewell and Welch testified that Word was "out of it" and appeared to be under the influence of a substance. They also testified that they noticed a plastic bag with a green leafy substance hanging out of Word's pocket. As a result, Caswell and Welch placed Word in custody and transported him to the DeSoto County Jail.

¶7. Wiley Lowder III resided at Sardis Garden Apartments, and he testified that Word spent a few nights at his apartment. According to Lowder, his friend Ashley and her friend Cody lived with him, and Word was Cody's friend. Lowder testified that while Word was staying at the apartment, Word put two boxes in a closet that was used for storage. Lowder knew that one of the boxes contained a drone because he saw Word flying it in the backyard, but he did not know what was in the other box. Lowder explained, "I figured it was parts for the drone. It wasn't my business, so I didn't open . . . it."

¶8. Sergeant James Hawkins with the Sardis Police Department testified that he went to the apartment complex around 7:30 p.m. to follow up on an unrelated issue. During that time, Lowder approached him and told him that Word had left two boxes in his apartment—a black plastic box and a cardboard box. According to Sergeant Hawkins, the plastic box contained a drone and a receipt. The receipt indicated that Christopher Word was the

3

recipient and listed a Hernando, Mississippi address. It also indicated that the drone was purchased for $3,438. According to Sergeant Hawkins, the cardboard box contained a vacuum sealer, shrink wrap, approximately nineteen cell phones, cell phone chargers, a distributor cap,[2] cigarettes, and what appeared to be marijuana in vacuum sealed bags. In addition, the shipping label attached to the cardboard box listed Christopher Word as the recipient, and it listed the same Hernando, Mississippi address as the receipt for the drone.

¶9. Tyler Mills, a Narcotics Investigator with the Panola County Sheriff's Department, testified that a wallet was also found alongside the boxes. According to Investigator Mills, the wallet contained Word's ID, which listed a Hernando, Mississippi address. Investigator Mills testified that the narcotics evidence was turned over to him, and he submitted it to the Mississippi Forensics Laboratory. The prosecutor asked Investigator Mills, "As a narcotics investigator, when you find a drone with some vacuum sealed [drugs], what are your immediate thoughts?" And Investigator Mills replied, "That [the suspect is] dropping it off somewhere that it probably [doesn't] need to be," such as a correctional facility.

¶10. Finally, Steve Sanders, an employee with the Mississippi Forensics Laboratory, testified that he analyzed four separate submissions for the presence or absence of a controlled substance—one Ziploc bag containing a green leafy substance and four vacuum sealed bags containing a green leafy substance. He testified that Submission 001 (the Ziploc bag) contained 69.65 grams of MMB-FUBINACA. Submission 002, which constituted two bags, contained 110.46 grams of MMB-FUBINACA and 5-fluoro ADB and 111.11 grams

_____

[2] Sergeant Hawkins explained that a distributor cap is often used to charge cell phones in correctional facilities.

4

of 5-fluoro ADB. Submission 003 contained 222.13 grams of 5-fluoro ADB. And Submission 004 contained 190.80 grams of 5-fluoro ADB.[3]

¶11. At the conclusion of its case-in-chief, the State reduced the charge in Count I from "possession with intent" to "simple" possession. And at the conclusion of the trial, the jury found Word guilty of the charges in Counts I and II. Subsequently, Word filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. After a hearing, the court denied Word's motion. Then the court entered an order effectively amending the indictment to charge Word as a non-violent habitual offender as opposed to a violent habitual offender. Word was sentenced as a non-violent habitual offender to serve sixteen years for the charge in Count I and forty years for the charge in Count II to be served concurrently in the custody of the MDOC. The court also ordered Word to pay court costs.

¶12. Now Word appeals, claiming the trial court erred by denying his attorney's request for a continuance and proceeding to trial in his absence. Word also claims sufficient evidence did not support the jury's verdict regarding the charge in Count II.

## DISCUSSION

### I. Trial in Absentia

¶13. This Court reviews a circuit court's decision to try a defendant in absentia under an abuse-of-discretion standard. *McDonald v. State*, 226 So. 3d 626, 629 (¶6) (Miss. Ct. App. 2017). An accused's right to be present at every stage of his trial is guaranteed by the Sixth Amendment to the United States Constitution and Article 3, Section 26, of the Mississippi

---

[3] MMB-FUBINACA and 5-fluoro ADB are synthetic forms of marijuana.

5

Constitution; "[h]owever, this right is not absolute and may be waived." *Carroll v. State*, 196 So. 3d 1054, 1057 (¶11) (Miss. Ct. App. 2016) (citing *Wales v. State*, 73 So. 3d 1113, 1118 (¶12) (Miss. 2011)).

¶14. Mississippi Code Annotated section 99-17-9 (Rev. 2015) states:

> In criminal cases the presence of the prisoner may be waived (a) if the defendant is in custody and consenting thereto, or (b) is on recognizance or bail, has been arrested and escaped, or has been notified in writing by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or is in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment made final and sentence awarded as though such defendant were personally present in court.

In addition to the above statute, the Mississippi Supreme Court and this Court have held that if a defendant takes willful, voluntary, and deliberate actions to avoid trial, he has waived the right to be present at trial and may be tried in absentia. *See Jefferson v. State*, 807 So. 2d 1222 (¶18) (Miss. 2002); *see also McDonald*, 226 So. 3d at 629 (¶6).

¶15. Word points out that in some cases "where the appellate court has upheld a trial in absentia, the trial court . . . granted a continuance before proceeding to trial without the defendant present." Word also points out that "[i]n other cases, the appellate court has affirmed the trial in absentia when the record clearly showed the defendant willfully avoided trial." *See Haynes v. State*, 208 So. 3d 4, 7 (¶13) (Miss. Ct. App. 2016) ("[W]hen a trial in absentia has been affirmed where continuances have not been granted to the defendant, it has been clear that the defendant willfully avoided trial."). Word claims there was no evidence that he willfully avoided trial and therefore the trial court abused its discretion when it decided to try him in absentia without first granting a continuance. We disagree.

6

¶16. On March 19, 2018, Word pled not guilty to the charges against him, and the court entered an order setting trial for May 14, 2018. In the meantime, Word rejected a plea offer on April 17, 2018. Word signed the rejection and stated that he wished to proceed to trial.

¶17. When trial commenced, defense counsel stated, "Your Honor, personally I am ready [for trial]; however, for whatever reason, my client has, which he has the right to do so, *has chosen* not to exercise his right to be present for the trial today." (Emphasis added). Defense counsel then requested a continuance. After the judge denied the request, defense counsel stated, "Your Honor, I just would state for the record that *Mr. Word was told both verbally and in writing on numerous occasions when to be present for trial, if he so desired to be present*." (Emphasis added). The State similarly noted, "Mr. Word knew he had the right to be [at trial.]"

¶18. During voir dire, defense counsel reiterated that Word chose not to attend his trial. Counsel stated, "[Word] has a right, if he wants to be, not to be present for that trial. He's put all of his faith in me, I guess, which is what he's *chosen* to do." (Emphasis added). And counsel stated, "I also ask anyone, again we've been through this before, not to hold it against my client because he *chose* to exercise his right not [to] be here." (Emphasis added).

¶19. Because there was evidence that Word willfully avoided trial, we find that the trial court did not abuse its discretion when it decided to try him in absentia. Therefore, this issue is without merit.

## II. Sufficiency of the Evidence

¶20. Word claims the jury's verdict regarding the charge in Count II, possession of 200

7

grams or more of 5-fluoro-ADB with intent, was not supported by sufficient evidence. Word does not challenge the jury's verdict in Count I.

¶21. When reviewing a challenge to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Reynolds v. State*, 227 So. 3d 428, 436 (¶32) (Miss. Ct. App. 2017). "The issue on appeal is not whether the reviewing court would have found the defendant guilty; rather, the conviction must be affirmed if there was sufficient evidence for 'any rational trier of fact' to have rendered a guilty verdict." *Id*.

¶22. "To support a conviction for possession of a controlled substance, there must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." *O'Donnell v. State*, 173 So. 3d 907, 916 (¶22) (Miss. Ct. App. 2015) (quoting *Glidden v. State*, 74 So. 3d 342, 345 (¶12) (Miss. 2011)). Because Word was charged with possession *with intent*, the State also had to prove that he intended to sell, barter, transfer, distribute, or dispense the controlled substance. Miss. Code Ann. § 41-29-139(a)(1) (Rev. 2018). This Court has held that "[p]ossession of a controlled substance may be actual or constructive." *O'Donnell*, 173 So. 3d at 917 (¶22) (quoting *Johnson v. State*, 81 So. 3d 1020, 1023 (¶7) (Miss. 2011)). Because the synthetic marijuana in Count II was not found on Word's person, he was convicted under the theory of constructive possession. To establish constructive possession, the contraband "merely has to be found near the defendant 'in a place over which

8

the defendant exercises dominion or control.'" *Id*. (quoting *Glidden*, 74 So. 3d at 348 (¶20)). But when contraband is found on premises not owned by the defendant, "the State must show other incriminating circumstances, in addition to proximity, in order to prove constructive possession." *Id*. (quoting *Cheatham v. State*, 12 So. 3d 598, 601 (¶7) (Miss. Ct. App. 2009)).

¶23. At trial, Caswell testified that when he arrived at the Sardis Garden Apartments, Word was sitting outside on an air conditioning unit. Sergeant Hawkins testified that, later that evening, two boxes—one containing a drone and one containing synthetic marijuana, cigarettes, cell phones, cell phone chargers, a distributor cap, a vacuum sealer, and shrink wrap—were found inside one of the apartments. In addition to Word's proximity to the boxes, both boxes had Word's name and address on them. Lowder testified that he saw Word flying the drone, and both Investigator Mills and Welch testified that it had become a common practice to use drones to smuggle contraband into correctional facilities. Furthermore, when the MDOC officers found Word, he had a bag of synthetic marijuana in his pocket.

¶24. After viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Therefore, this issue is without merit.

¶25. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., TINDELL, LAWRENCE AND C. WILSON, JJ., CONCUR. McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY WESTBROOKS AND McDONALD, JJ.**

**McCARTY, J., DISSENTING:**

9

¶26. Because our precedent would have our trial courts first grant a continuance before trying a defendant in absentia when there was no actual evidence the defendant willfully avoided trial, I must respectfully dissent.

¶27. "[O]ur precedent supports granting [a defendant] a continuance before trying him in absentia." *Haynes v. State*, 208 So. 3d 4, 6 (¶12) (Miss. Ct. App. 2016). In this case, defense counsel asked for a continuance, and it was denied. Defense counsel admitted that he had made no effort to contact the defendant the morning of trial, and the trial court did not attempt to have a deputy or any other agent contact or retrieve him. In accordance with our precedent, a continuance should have been granted in order to safeguard the constitutional rights of not only this defendant, but all those who face trial.

¶28. Furthermore, we should only try a defendant in absentia when there is actual evidence "based on willful, voluntary and deliberate actions by a defendant in avoiding trial . . . ." *Jefferson v. State*, 807 So. 2d 1222, 1227 (¶18) (Miss. 2002). In that case, the defendant "was clearly aware of the date of his trial, he was granted two continuances, and evidence was presented that he had expressed a clear intention to evade trial." *Id.*; *accord Haynes*, 208 So. 3d at 7-8 (¶16) (reversing for a new trial where there was evidence that the defendant was indigent, having car trouble, and was unable to be contacted because his phone was out of minutes).

¶29. In contrast, in this case we have defense counsel saying his client "chose" not to show up. The word may not have the heavy meaning imparted to it by this decision, and it may have just been chosen to respectfully defer to the trial court. In any event, it was just a word

10

counsel chose, and as a matter of law, "statements made by counsel are not evidence." *Sullivan v. State*, 2018-KA-00221-COA, 2019 WL 2428773, at \*19 (¶92) (Miss. Ct. App. June 11, 2019); *Miskell v. State*, 230 So. 3d 345, 359 (¶51) (Miss. Ct. App. 2017) (approving a jury instruction that "[a]rguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence"). There was no actual evidence that the defendant was deliberately avoiding trial, and the defendant's decision to reject a plea deal a few weeks earlier has nothing to do with the morning of trial.

¶30. If there had been an actual attempt to locate the defendant, coupled with a continuance, and he still did not appear, I would agree with today's decision. Yet those precautionary steps to safeguard his constitutional rights were not taken, and in their absence we should not affirm. For this reason, I respectfully dissent.

**WESTBROOKS AND McDONALD, JJ., JOIN THIS OPINION.**