KING, C. J.,
for the Court.
¶ 1. Catlin Williams was tried in absentia on the charges of burglary of a building and conspiracy to commit the crime of burglary of a building. Williams was convicted of the charges by the Pike County Circuit Court. He was later taken into custody and sentenced to a term of eighty-four consecutive months on count one and sixty consecutive months on count two, in the custody of the Mississippi Department of Corrections. These sentences were to be served concurrently. Aggrieved, Williams appeals, raising the following issue as error:
¶ 2. Whether the trial court erred in proceeding to trial in Williams’ absence.
FACTS
¶ 3. Upon returning to her residence/store in Progress, Mississippi, on October 20, 2002, at approximately 11:00 p.m., Mrs. Patricia Smith indicated that her granddaughter, Tara Williams, noticed that a window had been broken in the store and some items were missing. Ms. Williams called 911 to advise that someone had broken into the store.
¶ 4. During the investigation of the incident, Officer Davis Haygood of the Pike County Sheriffs Department received the name of Catlin Williams as one of several potential suspects. Based on the information received, a warrant was issued for Williams’ arrest and faxed to the Washington Parish Sheriffs Office in Franklinton, Louisiana.
¶ 5. Officer Haygood received a phone call from Officer Bennie Creel of the Washington Parish Sheriffs Office, advising him that Williams had been arrested on November 20, 2002. Haygood went to the facility to interview Williams. Prior to interviewing Williams, Haygood read Williams his Miranda rights. Williams signed the waiver of rights form. His statement was recorded on audiotape.
¶ 6. In January 2003, Williams was indicted for the offenses of burglary of a building and conspiracy to commit the crime of burglary of a building.
¶ 7. Prior to the beginning of trial on April 16, 2003, the court noticed that Williams was not present. Williams’ attorney indicated that when he spoke with Williams two days prior to the trial date, Williams stated that he would be present. Efforts were made to locate Williams, including telephone calls to his residence and calls to area hospitals. A bench warrant for Williams’ arrest was issued. The prosecutor made an ore tenus motion asking the court to allow the State to proceed with the trial of Williams in absentia, pursuant to Jefferson v. State, 807 So.2d 1222 (Miss.2002).
¶ 8. The State then offered the sworn statement/testimony of Williams’ attorney, Morris Sweatt. Sweatt informed the court of the efforts he made to ensure that his client would be in court for trial. Sweatt did not stipulate that Williams should be tried in absentia and objected to the court doing so.
¶ 9. Sweatt stated that he last talked with Williams on April 14, and Williams assured him that he wanted a trial. Sweatt indicated that Williams was informed to be at the courthouse at 9:00 a.m., April 16, and indicated that he would. Sweatt made several attempts to call Williams.
¶ 10. Don Evans, Sweatt’s investigator, testified that he first called the bonding company because Williams was absent from court. Evans then called Williams’ residence and area hospitals in an attempt to locate him.
¶ 11. Attorney Bill Goodwin testified that Williams and his mother approached *965 him at the courthouse on April 15 inquiring about his services. Goodwin indicated that Williams advised him that his trial was set for the next morning. Goodwin stated that he told Williams that because he was being represented by another attorney, he could not speak with him about the matter.
¶ 12. After review of the file, the court noted that Williams had been present on prior hearing dates. The court determined that Williams had deliberately, knowingly, and intentionally absented himself from the trial for the specific purpose of avoiding prosecution. The court allowed Williams to be tried in absentia.
¶ 13. At the trial, the State offered the testimony of Officer Haygood, Patricia Smith, and Kim Smith. The audiotape of Williams’ statement was played for the jury as well. The jury found Williams guilty of both charges.
¶ 14. At the sentencing hearing on May 29, 2003, Williams was-present and sentenced to serve a term of eighty-four consecutive months on count one and sixty consecutive months on count two, in the custody of the Mississippi Department of Corrections. These sentences were to be served concurrently.
¶ 15. On June 18, 2003, Williams’ attorney filed a motion for JNOV, or in the alternative, a new trial. In that motion, Williams claimed that he could not be at trial because he did not have transportation from his home in Franklinton, Louisiana and was unable to notify the court of the problem. This motion was deniéd. Williams now appeals the court’s decision to have him tried in absentia.
STANDARD OF REVIEW
¶ 16. The issue of whether the trial court erred in trying a defendant in absen-tia is a question of law which this Court reviews de novo. Jefferson v. State, 807 So.2d 1222(¶ 6) (Miss.2002).
ISSUE AND ANALYSIS
¶ 17. Williams alleges that he was denied the right to be present at his trial. He claims that there was no evidence to support the decision to allow his trial in absentia. Williams maintains that no testimony was given that indicated that he attempted to purposefully avoid trial.
¶ 18. Mississippi Code Annotated Section 99-17-9 (Rev.2000) states that:
In criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. If the defendant, in cases less than felony, be on recognizance or bail or have been arrested and escaped, or have been notified by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or be in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in court.
¶ 19. However, in addition to the above statute, Jefferson v. State, 807 So.2d 1222(¶ 18) (Miss.2002) carved out an exception where a defendant may be tried in absentia based on willful, voluntary, and deliberate actions to avoid trial.
¶ 20. In this matter, testimony was offered by the State which indicated that Williams was clearly aware of his trial date. Williams failed to contact his attorney or the court regarding his whereabouts. Therefore, we find no error in the trial court’s decision to try Williams in absentia.
¶ 21. THE JUDGMENT OF THE PIKE COUNTY CIRCUIT COURT OF *966 CONVICTION OF COUNT I BURGLARY OF A BUILDING AND SENTENCE OF EIGHTY-FOUR CONSECUTIVE MONTHS; AND COUNT II CONSPIRACY TO COMMIT BURGLARY OF A BUILDING AND SENTENCE OF SIXTY CONSECUTIVE MONTHS TO BE SERVED CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, PAY A $10,000 FINE AND $800 IN RESTITUTION IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.