970 So.2d 248 (2007)
J.W. CLAYTON, Jr., Appellant
v.
Jeffrey HARTSOG, Appellee.
No. 2006-CA-01694-COA.
Court of Appeals of Mississippi.
December 4, 2007.
Gary Dale Thrash, Jackson, John Newton Satcher, Heidelberg, attorneys for appellant.
Robert J. Arnold, Jackson, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. In April 2004, J.W. Clayton, Jr. filed suit against Dr. Jeffrey Hartsog in county court claiming slander and intentional infliction of emotional distress. That suit was dismissed on Hartsog's motion for summary judgment and Clayton was sanctioned $500 for filing a frivolous lawsuit. Clayton appealed to circuit court, where the trial judge affirmed the ruling of the county court on both summary judgment and sanctions. Due to a clerical error, however, Clayton did not receive notice of the circuit court judgment until after the period for timely appeal to the supreme court had lapsed. Clayton then filed a motion under Mississippi Rule of Appellate Procedure 4(h) to reopen time for appeal. The circuit court denied this motion. Aggrieved, Clayton appeals, asserting that the circuit court abused its discretion in denying his Rule 4(h) motion. Finding no error, we affirm the judgment of the circuit court.

FACTS AND PROCEDURAL HISTORY
¶ 2. On April 20, 2004, J.W. Clayton, Jr. filed suit against Dr. Jeffrey Hartsog in the County Court for the First Judicial District of Hinds County, alleging slander and intentional infliction of emotional distress. In August 2005, Hartsog filed a motion for summary judgment, and in response Clayton filed motions to compel discovery and for leave to amend his complaint. In October 2005 the county court denied Clayton's motions, and granted summary judgment to Hartsog, issuing $500 in sanctions against Clayton for filing a frivolous lawsuit.
*250 ¶ 3. Clayton then appealed the decision of the county court to the Circuit Court of Hinds County. In June 2006, the circuit court affirmed the rulings of the trial court on both summary judgment and sanctions. Due to an error in the circuit court clerk's computer system, however, Clayton did not receive notice of the circuit court's ruling until after the period for timely appeal to the supreme court had elapsed. Clayton then filed a motion under Mississippi Rule of Appellate Procedure 4(h) seeking to reopen time for appeal, which the circuit court denied. It is from this ruling that Clayton appeals.

DISCUSSION AND ANALYSIS
¶ 4. Clayton asserts that the trial court was in error when it denied his motion to reopen time for appeal under Mississippi Rule of Appellate Procedure 4(h). The denial of motions made under Rule 4(h) is within the discretion of the trial court. Pre-Paid Legal Servs. v. Anderson, 873 So.2d 1008, 1009(¶ 4) (Miss. 2004). Therefore, we review denials of motions made pursuant to Rule 4(h) under an abuse of discretion standard. Id.
¶ 5. Rule 4(h) states that
[t]he trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
Clayton claims that, due to an error in the circuit court clerk's computer system, he did not receive notice of the judgment of the circuit court until the period for timely appeal to the supreme court had expired. This fact is not contested by Hartsog, and is supported by a letter from the Circuit Clerk of Hinds County, so we accept it as true. Clayton's attorney acted quickly and efficiently after receiving notice of the judgment through a letter from opposing counsel, and filed his Rule 4(h) motion within seven days of receiving notice of the judgment. On these facts, the entirety of Clayton's argument is that he has met the prima facie requirements for reopening time for appeal under Rule 4(h), and so therefore he is entitled to a ruling in his favor on this issue.
¶ 6. The comments to Rule 4(h) make clear, however, that "the trial court retains some discretion to refuse to reopen the time for appeal even when the requirements of Rule 4(h) are met. . . ." M.R.A.P. 4(h) cmts. In this case, the county court ruled in favor of Hartsog on the issue of summary judgment and took the extraordinary step of issuing sanctions against Clayton for filing a frivolous suit. After a review of the case, the circuit court affirmed the county court on both issues. Given these facts, especially the imposition of sanctions for filing a frivolous suit, we cannot say the circuit court abused the discretion granted to it by Rule 4(h) when it denied Clayton's motion to reopen time for appeal. Therefore, we affirm the judgment of the circuit court.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.