ROBERTS, J., for the Court:
¶ 1. On March 31, 2009, Derrick Anthony Arnold was indicted, as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp.2011), on two counts of the sale of marijuana in violation of Mississippi Code Annotated section 41-29 — 139(a)(1) (Supp.2011). At trial on October 5, 2009, in the Scott County Circuit Court, Arnold was absent. Trial resumed the following day, and Arnold was still absent. A jury convicted Arnold on Count I of his indictment, and he was sentenced to serve six years in the custody of the Mississippi Department of Corrections (MDOC). Arnold was not located until almost a year later when he was then taken into custody around August or September 2010. He hired an attorney several months later and filed a motion for an out-of-time appeal in December 2010. The circuit judge denied this motion on May 31, 2011. Arnold now appeals.
FACTS AND PROCEDURAL HISTORY
¶ 2. A Scott County grand jury indicted Arnold on March 31, 2009, for two counts of selling marijuana in violation of Mississippi Code Annotated section 41-29-139(a)(1). He was indicted as a habitual offender under Mississippi Code Annotated section 99-19-81. Arnold was released on a $25,000 bond. After the circuit court granted a continuance due to a missing witness, Arnold’s trial was set for October 5, 2009.
¶ 3. In the circuit court on October 5, 2009, Arnold’s name was called three times in open court to begin his trial. The State and Todd Sorey, Arnold’s attorney, were present, but Arnold was not present. So-rey informed the circuit court that he had spoken with Arnold on Thursday, October 1, 2009, and reminded him of his trial beginning on Monday, October 5, 2009. Sorey said that Arnold confirmed he would be present for his trial. Sorey had not heard from Arnold since that they spoke on Thursday, and he had no knowledge of where Arnold was. An employee from Sorey’s office attempted to call Arnold; however, the person answering said she *910 did not know where Arnold was either. The circuit court instructed the sheriffs office to locate Arnold, but he could not be located. Sorey moved for a continuance on the ground that it would prejudice Arnold not to be at trial. The circuit court denied this motion, determining that Arnold was aware of his trial date and was willingly and voluntarily absent. The trial proceeded that day and was recessed at approximately 2:00 p.m. with instructions to continue the attempts to locate Arnold. The following day, October 6, 2009, Arnold’s trial resumed, and he was again not present and could not be found by his attorney or local law-enforcement officers. The jury ultimately found Arnold guilty of one count of selling marijuana.
¶ 4. Arnold’s sentencing hearing was held on October 9, 2009, when Arnold was again called in open court but failed to appear, and his attorney had no knowledge of his whereabouts. The sheriff also confirmed that a search for Arnold had been conducted, but Arnold’s whereabouts were still unknown. Arnold was sentenced, as a habitual offender, to serve six years in the custody of the MDOC and pay a $3,000 fine. Almost a year later in August or September 2010, Arnold was finally located and apprehended. He filed a motion for an out-of-time appeal on December 15, 2010. On May 4, 2011, the circuit court held a hearing on Arnold’s motion. At that hearing, Arnold testified that he was aware of his trial date and time but could not get to trial because his car’s alternator was broken, and he had no alternative transportation. However, Arnold also stated that the alternator had been broken for several weeks before trial, and he had relied on his friends and family to take him to work. Arnold never told his attorney that he could possibly have transportation issues. He explained the reason he did not come for his second day of trial was since he missed trial Monday, the police would put a warrant out for his arrest and arrest him if he showed up at trial on Tuesday. Arnold also acknowledged that he was aware that he had been tried and convicted, but he never talked to an attorney about appealing his conviction and sentence until almost one year and a half later.
¶ 5. The circuit court was unpersuaded by Arnold’s reasons for missing his trial and denied Arnold’s motion for an out-of-time appeal. Arnold now appeals and raises the following issue: Whether the [circuit] court erred in refusing to grant an out[-]of[-]time appeal to [Arnold], because he was tried in his absence, without the [circuit] court making an inquiry as to why he was not able to appear at his trial on that date.
ANALYSIS
¶ 6. This Court will review a circuit court’s decision to deny an out-of-time appeal using the abuse-of-discretion standard. Clayton v. Hartsog, 970 So.2d 248, 250 (¶ 4) (Miss.Ct.App.2007) (citing Pre-Paid Legal Servs. v. Anderson, 873 So.2d 1008,1009 (¶4) (Miss.2004)).
¶ 7. Mississippi Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed “within thirty days after the date of entry of the judgment or order appealed from.” Arnold does not dispute that he is well overdue on filing a notice of appeal under Rule 4(a). Mississippi Rule of Appellate Procedure 4(h) allows an alternative to Rule 4(a). Under Rule 4(h), if the circuit court finds:
(a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 [twenty-one] days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or *911 order or within 7 [seven] days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 [fourteen] days from the date of entry of the order reopening the time for appeal.
There is also no dispute that Arnold was well past even the one-hundred-eighty-day period allowed in Rule 4(h); however, he contends that the circuit court had discretion to allow him to file an out-of-time appeal by extending the period found in Rule 4(a) and Rule 4(h). The provision of the Mississippi Post-Conviction Collateral Relief Act codified in Mississippi Code Annotated section 99 — 39—5(l)(i) (Supp.2011) provides Arnold with the right to file a motion for post-conviction relief (PCR) to argue that he is entitled to an out-of-time appeal.
¶ 8. Arnold primarily argues that the circuit court abused its discretion by not granting his motion for an out-of-time appeal because he was not voluntarily absent from his trial. Instead, Arnold submits that it was car trouble that kept him from attending the first day of trial and fear of arrest that prevented him from coming the next day. Arnold also argues that the circuit court erred in not granting his attorney’s motion for a continuance because Arnold had a constitutional right to be present at his trial and that it was a violation of his constitutional rights to continue to try him without making more of an effort to determine if he was voluntarily absent from his trial.
¶ 9. We disagree with Arnold’s arguments and affirm the circuit court’s denial of his motion for an out-of-time appeal. Arnold argues on appeal that he should not have been tried in absentia because he was not voluntarily absent from his trial. In Sandoval v. State, 631 So.2d 159, 164 (Miss.1994), the Mississippi Supreme Court found that the circuit court erred in trying Francisco Sandoval in his absence because, pursuant to Mississippi Code Annotated section 99-17-9 (1972) as it read at the time, Sandoval was an accused felon not in custody and not consenting to being tried in his absence. At that time, Mississippi Code Annotated section 99-17-9 provided that “the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto.” If the case involved a charge less than a felony, then a defendant “on recognizance or bail or [who had] been arrested and escaped, or [who had] been notified by the proper officer of the pen-dency of the indictment against him, and resisted or fled, or refused to be taken, or [was] in any way in default for nonappearance” could be tried in his absence, at the circuit court’s discretion. Id,. Ultimately, the supreme court held that a defendant appearing at a preliminary hearing and assisting his attorney with trial preparation the day trial before but failing to appear at trial did not waive his right to be present at trial. Sandoval v. State, 631 So.2d at 159. Then, on July 1, 2005, the Mississippi Legislature amended Mississippi Code Annotated section 99-17-9 to read as follows:
In criminal cases the presence of the prisoner may be waived (a) if the defendant is in custody and consenting thereto, or (b) is on recognizance or bail, has been arrested and escaped, or has been notified in writing by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or is in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment made final and sentence awarded as though such defendant were personally present in court.
*912 Sandoval was based on Mississippi Code Annotated section 99-19-7 prior to its 2005 amendment. The 2005 amendment changed the law on trying an accused felon in his absence and provided that such a defendant may waive his right to be present at trial. Under the current statute as amended in 2005, the circuit court has the discretion to try a defendant in his absence if he appears to have voluntarily waived his right to be present for his trial by resisting, fleeing, refusing to be present, or is in “default for nonappearance[.]” Miss.Code Ann. § 99-17-9 (Rev.2007). In Wales v. State, 73 So.3d 1113, 1120 (¶ 18) (Miss.2011), the Mississippi Supreme Court held that the circuit court did not abuse its discretion in denying Leo Wales’s motion for an out-of-time appeal because Wales voluntarily absented himself from his trial. Wales knew his trial date, participated in the preparation of his defense a few days before trial, and even had his grandmother iron his clothes the night before trial; however, he did not appear and could not be located. Id. We recognize, as did the supreme court in Wales, that the United States Supreme Court has held that a defendant’s right to be present at trial may be waived by his voluntary absence. Id. at 1118 (¶ 12) (citing Taylor v. United States., 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973)). In the present case, it is clear from the record that Arnold voluntarily absented himself from his trial. Arnold knew when and where his trial was to be held. He knew that he had been convicted. He also stated the reason he did not come to- trial was because he had car trouble on the first day of his trial, yet when further questioned, Arnold admitted his wife had a car and his family often drove him to work. Arnold also admitted that the cause of his car trouble was the alternator, but the alternator had been out for a few weeks before trial. Even though Arnold knew he did not have a working car, he never indicated to his attorney that transportation to his trial would be an issue. The record is void of any evidence that Arnold even attempted to call his attorney or the courthouse by phone to inform them of his car trouble on the morning of trial. The record also indicates that Arnold lived approximately nine miles from the courthouse, but he made no attempt to walk or find an alternative way to travel the nine-mile distance. Further, he had no explanation as to why neither his attorney’s office nor the local law enforcement could locate him over the two-day trial and subsequent sentencing hearing.
¶ 10. The supreme court held in Fair v. State, 571 So.2d 965, 967 (Miss.1990): “[I]t is settled that a defendant desiring an out-of-time appeal must, at the very least, show that the failure timely to perfect an appeal was thi-ough no fault of his own.” Similarly in Dickey v. State, 662 So.2d 1106, 1108 (Miss.1995), the supreme court held that a defendant seeking an out-of-time appeal must, by a preponderance of the evidence, demonstrate that he asked his attorney to appeal within the time allowed but that the attorney failed to appeal, and such failure was not the defendant’s fault. The facts before us today show absolutely no effort on Arnold’s part to perfect an appeal timely. Even after Arnold was arrested almost a year later, he waited several months before hiring an attorney to file a PCR motion for an out-of-time appeal. Arnold’s failure to appear for trial as required by his bond and to file a timely appeal after sentencing was of his own making. He has no one to blame save himself.
¶ 11. Based on the evidence before us, we cannot find that the circuit court abused its discretion in denying Arnold’s motion. Arnold made no apparent effort to attend his trial or file an appeal. The *913 circuit court took a brief recess on the first day to attempt to locate Arnold, but he could not be found by his attorney or local law-enforcement officials. We find that Arnold voluntarily absented himself from his trial; therefore, the circuit court properly proceeded to try him in absentia. Additionally, Arnold failed to provide any evidence that he asked his attorney to appeal within the allowable time frame and that his attorney failed to do so. Arnold stated that he had talked to no one about an appeal until over a year after his conviction. Arnold’s argument is without merit, and we affirm the circuit court’s denial of his motion.
¶ 12. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.