# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00683-COA

**DERRICK HAYNES A/K/A DERRICK ARTELL HAYNES**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/19/2014 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | EDMUND J. PHILLIPS JR. |
| | CHRISTOPHER A. COLLINS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ABBIE EASON KOONCE |
| | JASON L. DAVIS |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A CELL PHONE WHILE IN A CORRECTIONAL FACILITY AND SENTENCED AS A HABITUAL OFFENDER TO SERVE FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | REVERSED AND REMANDED FOR A NEW TRIAL - 12/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., JAMES AND GREENLEE, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     Derrick Haynes appeals his conviction after a trial in absentia in the Circuit Court of

Leake County, Mississippi.  Finding error, we reverse and remand for a new trial.

## FACTS AND PROCEDURAL HISTORY

¶2. Haynes was indicted in the Circuit Court of Leake County as a habitual offender on one count of possession of a cell phone in a private correctional facility under Mississippi Code Annotated section 47-5-193 (Rev. 2015). The circuit court set Haynes's trial for September 11, 2014.

¶3. When the case was first called on the morning of trial, Haynes was not present. Chris Collins, Haynes's court-appointed attorney, represented to the judge that he had spoken to Haynes the evening before and Haynes had said he would be at trial the next morning. After addressing a civil matter on the docket, the judge again called Haynes's case. Haynes was still not present. Collins told the judge that Haynes had contacted him the morning before and said that his car had broken down en route from Meridian, Mississippi, to the courthouse. Further, Collins reiterated that he had spoken with Haynes the evening before and that Haynes had said he was trying to arrange a ride to the courthouse for the next morning. The judge decided to recess for an hour to allow Collins and the sheriff an opportunity to locate Haynes.

¶4. After the recess, Haynes had not arrived. The judge met in chambers with the attorneys. The sheriff told the judge that he had been unable to locate Haynes. Collins informed the court that Haynes had been present at the court earlier in the week but had transportation difficulties mid-week. Collins recounted what Haynes had said the day before: "[H]e called me around 7:30 in the morning and said, 'I'm on my way. My car's broke[n] down. I'm trying to find transportation to get the rest of the way there.' He represented to me that he was in the Tucker Community [in Neshoba County] when he called." Collins also

2

mentioned his evening conversation with Haynes, stating, "He told me he would be [here]." Collins told the judge that he had called Haynes multiple times that morning but had not gotten a ring tone. Collins stated,

> [T]oday, when I have attempted to call the phone number I have for him, . . . I don't get any ring tone. Your Honor, it's like when someone has a pay-by-the-minute phone and they're out of money on their phone. That's how it's responding when I call. Don't have any minutes on your phone, I guess is the way to say it.

¶5. The judge then asked Collins if he was prepared to proceed without Haynes. Collins replied, "No, Your Honor. It would greatly prejudice my client to be tried without the opportunity to confront his accusers." In response to the question if his witnesses were ready to proceed, Collins responded, "Your Honor, my client was my witness."

¶6. The judge then decided to try Haynes in absentia. The judge reasoned, "[B]ased upon the testimony of Mr. Chris Collins, his court-appointed lawyer, . . . the Defendant willfully, voluntarily, deliberately is absent from the Court, he being aware of the date and the time of the trial, and there is no offer of any reason why he is not here." The judge also stated, "The only reason this Court can reasonably conclude is [that] he is avoiding trial because he has just completed a criminal proceeding in Lauderdale County for which he was incarcerated for a period of time and was on . . . parole."

¶7. After the judge's ruling, Collins objected and moved for a continuance. The judge overruled the motion and returned to the courtroom to begin the trial. At the start of trial, Collins renewed his objection and motion for continuance. The judge, again, overruled the motion.

3

¶8. At the end of the trial, Haynes was convicted by the jury. The judge dismissed the jury, saying, "[Y]ou're going to get . . . tomorrow off." The judge delayed sentencing until September 19, 2014, in order to have Haynes present.

¶9. Haynes appeared at the sentencing hearing. In response to the judge's question of where he had been on the day of trial, Haynes claimed, "[W]ell, actually, my car . . . broke down the day before." Haynes also claimed that he did not have the money to "pay someone to bring me over here . . . because they worked in the morning, and . . . I was indigent at the time."[1] The judge then sentenced Haynes to fifteen years in the custody of the Mississippi Department of Corrections as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). Haynes now appeals the judge's decision to try him in absentia.

## STANDARD OF REVIEW

¶10. This Court reviews a circuit court's decision to try a defendant in absentia under an abuse-of-discretion standard. Miss. Code Ann. § 99-17-9 (Rev. 2015) ("the trial may progress at the discretion of the court"); *Wales v. State*, 73 So. 3d 1113, 1120 (¶17) (Miss. 2011).

## DISCUSSION

¶11. Mississippi Code Annotated section 99-17-9 describes when a trial is allowed where the defendant is absent:

> In criminal cases the presence of the prisoner may be waived (a) if the defendant is in custody and consenting thereto, or (b) is on recognizance or bail, has been arrested and escaped, or has been notified in writing by the

---

[1] While Haynes's precise physical address is not in the record, Collins testified that Haynes lived in Meridian.

4

proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or is in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment made final and sentence awarded as though such defendant were personally present in court.

Interpreting this section, the Mississippi Supreme Court has held that a defendant "who has committed willful, voluntary, and deliberate actions to avoid trial has waived the right to be present at trial and may be tried in absentia." *Wales*, 73 So. 3d at 1119-20 (¶16) (citing *Jay v. State* 25 So. 3d 257, 264 (¶38) (Miss. 2009)). This waiver, though, is balanced against a defendant's constitutional right to be present at trial. U.S. Const. amend. VI; Miss. Const. art 3, § 26.

¶12.    In the case at hand, our precedent supports granting Haynes a continuance before trying him in absentia. In *Jefferson v. State*, 807 So. 2d 1222, 1223 (¶2) (Miss. 2002), the Supreme Court affirmed a trial in absentia after the defendant received two day-long continuances. In *Jefferson*, despite multiple telephone calls to the defendant, his attorney was unable to contact him during the continuances, and the trial court found that the defendant had waived his right to be present at trial. *Id.* at 1223-24 (¶4). Further, the Supreme Court also affirmed a trial in absentia where the trial court granted a two-day-long continuance in order to locate the defendant. *Wales,* 73 So. 3d at 1117 (¶9). During the continuance, the defendant was unable to be contacted or located. *Id*. at 1117-18 (¶10).

¶13.    Further, when a trial in absentia has been affirmed where continuances have not been granted to the defendant, it has been clear that the defendant willfully avoided trial. In *Williams v. State*, 881 So. 2d 963, 965-66 (¶11) (Miss. Ct. App. 2004), this Court affirmed a trial in absentia where the defendant had been at the courthouse the day before the

5

trial—apparently attempting to hire other counsel—but did not contact his attorney on the morning of the trial. Likewise, this Court affirmed a conviction where the defendant discussed his case with his attorney at the courthouse two days before trial and did not call his attorney or answer his attorney's phone calls to him on the morning of the trial. *Carroll v. State*, 196 So. 3d 1054, 1057-58 (¶¶13-14) (Miss. Ct. App. 2016). In addition, this Court affirmed a trial in absentia without a continuance of a defendant whose bond had been revoked. *Robinson v. State*, 66 So. 3d 198, 199 (¶4) (Miss. Ct. App. 2011). The record, in *Robinson*, showed that the defendant had an active warrant for his arrest and charges pending for murder, smuggling contraband into a jail, and possession of a firearm. *Id*. at 199-200 (¶4). The defendant's attorney also represented that when he had asked the defendant if he wanted to turn himself in to the authorities, the defendant had replied, "No, they can pick me up." *Id*. at 200 (¶4).

¶14.    Under plain-error review—not an abuse-of-discretion standard—the Supreme Court affirmed a trial in absentia where there was no objection or motion for continuance. *Blanchard v. State*, 55 So. 3d 1074, 1077 (¶11) (Miss. 2011). In *Blanchard*, the trial court recognized that the defendant was absent, and the defendant's court-appointed counsel informed the trial court that the defendant knew his trial date. *Id*.; *see also Barksdale v. State*, 176 So. 3d 108, 111 (¶16) (Miss. Ct. App. 2015), *cert. denied*, 178 So. 3d 333 (Miss. 2015) (affirming a trial in absentia under plain-error review where the defendant "was well aware of his trial date, understood he had to be at trial, and offer[ed] no proof that his absence was not willful, voluntary, and deliberate").

¶15. This Court also discussed a trial in absentia where the dispositive issue was the trial court's denial of an untimely appeal of the defendant's conviction. *Arnold v. State*, 93 So. 3d 908, 910 (¶6) (Miss. Ct. App. 2012). There, though, we specifically recognized that

> [t]he record is void of any evidence that [the defendant] even attempted to call his attorney or the courthouse by phone to inform them of his car trouble on the morning of trial. The record also indicates that [the defendant] lived approximately nine miles from the courthouse, but he made no attempt to walk or find an alternative way to travel the nine-mile distance.

*Id*. at 912 (¶9). The defendant argued that he did not appear for the second day of trial due to fear of arrest. *Id*. at 911 (¶8). He also did not appear for his sentencing. *Id*. at 910 (¶4).

¶16. Here, the record does not show that Haynes willfully, voluntarily, and deliberately absented himself from trial. Haynes contacted Collins and informed him of his transportation difficulties. Collins informed the circuit court that Haynes claimed that his car had broken down. Collins also told the court that he did not receive a ring tone the morning of trial when he called Haynes's cell phone. According to Collins, when he called Haynes, the tone he heard was "like when someone has a pay-by-the-minute phone and they're out of money on their phone." As Collins was court appointed, the judge was aware of Haynes's indigent status. Despite these reasons for Haynes's absence, the judge proceeded to try Haynes in absentia.

¶17. Further, this case is different from the cases where trials in absentia have been affirmed. Haynes was not given a continuance like the defendants in *Jefferson* and *Wales*. Also, there is not any evidence in the record to contradict Haynes's claim that he was not willingly absent from trial. He also did not have any outstanding warrants for his arrest as

the defendant did in *Robinson*. The record also shows that Haynes contacted his attorney the day before the trial unlike the defendants in *Williams*, *Carroll*, *Blanchard*, *Barksdale*, and *Arnold*. Plus, in contrast to the defendant in *Arnold*, Haynes appeared at his sentencing and reiterated that his car had broken down. Also, at sentencing, Haynes claimed he had been unable to arrange other transportation due to his indigency and, unlike the *Arnold* defendant, who lived nine miles from the courthouse, Haynes lived over fifty miles from the courthouse. In addition to these differences between our precedent and the case on appeal, Haynes was prejudiced by being tried in absentia.

¶18. Because of the prejudice of Haynes not being present to testify in his defense, the judge abused his discretion by trying Haynes in absentia without first granting a continuance. Officer James Dodson testified that Haynes was alone when he searched him. Also, Dodson was asked at trial whether he performed the search by himself: "Did you perform a random cell search on . . . cell ten, unit six, zone B, on that date by yourself?" Dodson replied, "Yes, sir." Collins brought this prejudice of a lack of witnesses to the search to the judge's attention when he stated, "[M]y client was my witness." Haynes was prejudiced by not being able to testify in his defense, and the judge abused his discretion by not granting a continuance before trying Haynes in absentia.

¶19. Also, the record demonstrates that the judge could have continued Haynes's trial. At the end of Haynes's trial in absentia, the judge dismissed the jury, telling them,"[Y]ou're going to get . . . tomorrow off." While the judge is to be commended for delaying the start of the trial, the judge should have continued Haynes's trial before proceeding with a trial in

8

absentia.

## CONCLUSION

¶20.    Because Haynes did not willfully, voluntarily, and deliberately absent himself from the trial, the judge abused his discretion by proceeding with the trial in absentia without first granting a continuance.  The judge was aware of Haynes's claim that his vehicle had broken down the day before trial.  The judge also had knowledge of the distance Haynes had to travel and his indigency.  Therefore, we reverse Haynes's conviction and remand for a new trial.

¶21.    **THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR A NEW TRIAL.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.**

**LEE, C.J., IRVING, P.J., ISHEE, FAIR AND GREENLEE, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.  GRIFFIS, P.J., CARLTON AND WILSON, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**