# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-00204-COA

CHRISTOPHER BLOUNT                                              APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

DATE OF JUDGMENT:               01/20/2021
TRIAL JUDGE:                    HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:      MONTGOMERY COUNTY CIRCUIT
                                COURT
ATTORNEY FOR APPELLANT:         OFFICE OF STATE PUBLIC DEFENDER
                                BY: ZAKIA HELEN ANNYCE BUTLER
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LAUREN GABRIELLE CANTRELL
DISTRICT ATTORNEY:              DARYL D. BAILEY
NATURE OF THE CASE:             CRIMINAL - FELONY
DISPOSITION:                    AFFIRMED - 11/08/2022
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND SMITH, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     On October 8, 2020, in the Circuit Court of Montgomery County, a jury convicted

Christopher Blount of possession of methamphetamine.  After his jury trial in absentia,

Blount presents one argument: that the trial court abused its discretion in denying Blount's

request for a continuance after concluding that Blount waived his right to be present at trial.

Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On October 9, 2018, Captain Dan Herod of the Winona Police Department observed

two females and one male driving down Highway 51 in a small silver car with a Calhoun

County tag. Captain Herod called Officer Shawn Turner to watch where the car went next. Officer Turner then told Captain Herod that the car turned into the Fred's parking lot. Once Captain Herod arrived, he saw that the car was backed into a parking space with a white male sitting in the front passenger seat (females not present). When Captain Herod stepped out of his unmarked black Tahoe, he also saw an illegal tint on the vehicle without a verified tint sticker. He and Officer Turner then walked up to the vehicle to conduct an investigatory stop. Captain Herod proceeded to ask the white male, who was sitting in the passenger seat of the car, about the tag. The white male, later identified by police as Christopher Blount, stated that the car was purchased by his father two weeks prior. So Captain Herod ran the tag through a police data system. The data system showed that the tag was expired. At trial, Captain Herod explained that the system would only show the tag as expired if a person had "owned that car for a year."

¶3. At the same time, Officer Turner saw open containers in the vehicle. Blount was then asked to step outside of the vehicle. Captain Herod saw Blount reach under the floorboard of the passenger seat and asked him, "[W]hat are you reaching for?" He pulled Blount from the vehicle and immediately arrested him, leaving a clear bag on the front seat. After Captain Herod placed the bag on the hood of the vehicle, Officer Turner sealed it and placed it in an evidence bag. Forensic testing later identified the substance as 5.96 grams of methamphetamine.

¶4. A grand jury indicted Blount on September 8, 2020, for possession of more than two but less than ten grams of methamphetamine pursuant to Mississippi Code Annotated section

41-29-139(c)(1)(C) (Supp. 2016). On October 1, 2020, the trial court arraigned Blount, who pled not guilty and was advised of his October 8, 2020 trial date. On the day of trial, the trial court announced the docket number for Blount's case, but Blount did not appear. Blount's attorney also did not give a reason why Blount failed to appear. The trial court then asked the county sheriff to reach out to highway patrol and the local hospital. Upon receiving information from the county sheriff that Blount had not been in an automobile accident or admitted to the hospital, the trial court found that Blount "forfeited his right to be present at trial . . . ."[1] Afterward, Blount's attorney stated, "Judge, the Defendant's not here. We would move for continuance." The trial judge responded:

> Well, the Defendant has a right to be here or not be here, and he's chosen not to be here. And he was notified and knew to be here today. And so I'm going to deny the motion, and we're going to proceed in his absence.

¶5. A jury trial commenced, and the jury found Blount guilty. The trial court issued multiple bench warrants to find and arrest Blount. It was not until three months later and after the trial court issued its bench warrants, that Blount was found. At this time, the trial court proceeded with Blount's sentencing. During Blount's sentencing hearing on January 12, 2021, the trial court determined that Blount qualified as a habitual offender in accordance with Mississippi Code Annotated section 99-19-81 (Supp. 2018), for previously having been convicted of possession of methamphetamine on December 4, 2002, and possession of methamphetamine on January 13, 2003; thus, the court sentenced Blount to serve a term of

---

[1] The dissent states that it would have agreed with our decision had there been an "*actual* attempt to locate" Blount. *Post* at ¶21 (emphasis added). However, there was no evidence that the trial court *did not* make an actual attempt.

3

sixteen years in the custody of the Mississippi Department of Corrections. Blount filed a motion for judgment notwithstanding the verdict (JNOV), asserting in part that the trial court erred when it denied his motion for a continuance. The trial court denied the JNOV motion. Blount now appeals.

## DISCUSSION

¶6.     Blount argues that the trial court erred by denying his motion for a continuance and proceeding with trial in absentia because there was no evidence that Blount "willfully avoided trial." "The decision to grant or deny a motion for a continuance is reviewed for an abuse of discretion." *Wilson v. State*, 267 So. 3d 264, 268 (¶17) (Miss. 2019) (citing *Miles v. State*, 249 So. 3d 362, 367 (¶23) (Miss. 2018)). "Likewise, the decision to try a defendant in absentia is reviewed for an abuse of discretion." *Id.* (citing *Wales v. State*, 73 So. 3d 1113, 1119-20 (¶¶16-18) (Miss. 2011)).

¶7.     While "[b]oth our federal and state constitutions guarantee an accused's right to be present at every stage of his or her trial[,] . . . this right may be waived." *Nevels v. State*, 325 So. 3d 627, 634 (¶23) (Miss. 2021); *see* U.S. Const. amend. VI; Miss. Const. art. III, § 26. We rely on our Mississippi law to determine whether the trial court abused its discretion when it found that Blount "forfeited his right to be present at trial. . . ." Miss. Code Ann. § 99-17-9 (Rev. 2015).

¶8.     Pursuant to Mississippi Code Annotated section 99-17-9 (Rev. 2015):

> In criminal cases the presence of the prisoner may be waived (a) if the defendant is in custody and consenting thereto, or (b) is on recognizance or bail, has been arrested and escaped, or has been notified in writing by the proper officer of the pendency of the indictment against him, and resisted or

4

fled, or refused to be taken, or is in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment made final and sentence awarded as though such defendant were personally present in court.

Section 99-17-9 expressly states that a defendant may waive the right to be present at trial if he is "on recognizance or bail," has been notified of the charge(s) against him, and is "in any way in default for nonappearance." This provision is echoed in our Mississippi Rules of Criminal Procedure and has been affirmed in *Nevels*: "a defendant may waive the right to be present at any proceeding . . . by the defendant's absence from any proceeding, if the court finds that such absence was voluntary and constitutes a knowing and intelligent waiver of the right to be present." MRCrP 10.1(b)(1)(B); *Nevels*, 325 So. 3d at 634 (¶23).

¶9. The trial court found that Blount waived his right to be present at trial. On October 1, 2020, Blount was arraigned and appeared before an open court. On that same day, the trial court notified Blount of his October 8, 2020, trial date. Blount was released on bail *one* day before trial. On the day of trial, the trial court properly found that at that time, Blount had twice been made aware of his trial date. Rule 10.1(b)(1)(B) permits the trial court to make a finding as to whether Blount's absence was voluntary, and neither Blount's attorney nor Blount ever provided any reason, at sentencing or on appeal, for Blount's failure to appear at trial. Indeed, the trial court attempted to locate Blount by requesting the county sheriff to contact highway patrol and the local hospital for any accidents or admissions within the last twenty-four hours, finding none under Blount's name. Based on the record, the defense counsel offered nothing more to suggest Blount was unable to stand trial.

¶10. We find that the trial court did not abuse its discretion by commencing with the trial

5

in absentia. As our Mississippi Supreme Court reasoned, when the trial court has given instruction on when to appear for trial, and the defendant subsequently fails to appear, the trial court has not abused its discretion by commencing with the trial in absentia. *Hampton v. State*, 309 So. 3d 1055, 1061 (¶27) (Miss. 2021) (finding no abuse of discretion when Hampton failed to appear on the second day of trial, despite appearing on the first day). This rationale applies even if "no direct evidence was before the trial court that his absence was voluntary[.]" *Wilson*, 267 So. 3d at 271 (¶30) (quoting *Wales*, 73 So. 3d at 1120 (¶18) ("[S]ubstantial circumstantial evidence was before the trial court demonstrating Wales's intent to avoid trial."). Thus, we find Blount's argument unpersuasive. Again, neither at trial nor on appeal does Blount assert any reason for failing to appear, and it was not until after the trial court issued multiple bench warrants against Blount that he finally appeared for sentencing.

## CONCLUSION

¶11. We hold that the trial court did not abuse its discretion by denying Blount's motion for a continuance and proceeding with Blount's trial in absentia.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. McDONALD, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. McCARTY, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED IN PART BY McDONALD, J.**

**McCARTY, J., DISSENTING:**

¶13. Our Constitution guarantees a defendant a public trial and the right to confront

6

witnesses. U.S. Const. Amend. VI. To protect those rights, we must first grant a continuance before a trial in absentia if there is no evidence that a defendant willfully avoided the proceeding. Because we do not afford that constitutional shield to Christopher Blount, I must respectfully dissent.

¶14. "A defendant's right to be present in the courtroom at every stage of his trial is guaranteed by the Sixth Amendment to the United States Constitution." *Wales v. State*, 73 So. 3d 1113, 1118 (¶12) (Miss. 2011). To safeguard these rights, "our precedent supports granting [a defendant] a continuance before trying him in absentia." *Haynes v. State*, 208 So. 3d 4, 6 (¶12) (Miss. Ct. App. 2016). Furthermore, we should only try a defendant in absentia when there is actual evidence of "willful, voluntary and deliberate actions by a defendant in avoiding trial." *Jefferson v. State*, 807 So. 2d 1222, 1227 (¶18) (Miss. 2002).

¶15. Only two facts drive the majority's ruling—that Blount was twice made aware of his trial date, and that the trial court made a short inquiry into whether he was admitted to a local hospital. But there is zero evidence that the defendant wilfully, deliberately, or voluntarily avoided his trial.

¶16. Nonetheless, the majority relies on a case where the Supreme Court found there was "*substantial* circumstantial evidence" the defendant willfully avoided his trial. *Wilson v. State*, 267 So. 3d 264, 271 (¶30) (Miss. 2019) (emphasis added). The trial court in *Wilson* made an extensive inquiry over a two-day span into Wilson's whereabouts, including law enforcement visiting the defendant's listed home address and making numerous phone calls to several phone numbers to find his location. *Id*. at 266-67 (¶¶6-7). Despite these

7

meaningful efforts, Wilson just could not be found. *Id*. at 267 (¶8). This was sufficient proof that he willfully avoided the proceeding. *Id*. at 271 (¶32).

¶17. The trial court here did not come close to doing what the trial court did in *Wilson*. There simply is no evidence Blount *willfully* avoided his trial. The only underlying facts are that he knew his trial date and that law enforcement did not find him in a local hospital. These barebones facts do not rise to the level of the substantial circumstantial evidence presented in *Wilson*. Under our precedent, the trial court should have granted Blount a continuance.

¶18. Nor does a recent case from this Court compel today's result. In another case involving a trial in absentia, a defendant was indicted on several drug charges. *Word v. State*, 343 So. 3d 1055, 1057 (¶2) (Miss. Ct. App. 2019). He plead not guilty, and the trial court entered an order setting the trial date. *Id*. But on the date of trial, the defendant did not appear. *Id*. Defense counsel stated he was "personally ready" for trial, but his client "chose not to exercise his right to be present for trial." *Id*. Then, defense counsel stated he had not attempted to contact the defendant that morning but had told him both "verbally and in writing on numerous occasions when to be present for trial." *Id*. at (¶4). The trial court found the defendant had willfully avoided the proceeding, and tried the defendant in absentia. *Id*. On appeal, we found there was evidence the defendant willfully avoided his trial. *Id*. at 1060 (¶17). In making this finding, we relied heavily on the fact he knew when to be present for trial and that defense counsel stated he *chose* not to be present at trial. *Id*. at (¶18).

¶19. As with *Wilson*, there is more proof in *Word* of willful avoidance than in today's case.

8

In that case, counsel stated the defendant "chose" not to show up. Here, after the trial court learned Blount was not present, his counsel immediately moved for a continuance. There was no similar confession of choice.

¶20.    No defendant should ever be tried in absentia without a thorough consideration of the reasons for their absence—much like the measures taken in *Wilson*. At common law, trying a criminal defendant in absentia was utterly banned. "[A] fair trial could take place only if the jurors met the defendant face-to-face and only if those testifying against the defendant did so in his presence." *Crosby v. United States*, 506 U.S. 255, 259 (1993) (quoting F. Wharton, Criminal Pleading and Practice, at 388 (9th ed. 1889)). It was thought "contrary to the dictates of humanity to let a prisoner 'waive that advantage which a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defence with indulgence.'" *Id*. (quoting *Prine v. Commonwealth*, 18 Pa. 103, 104 (1851)).

¶21.    Had there been an actual attempt to locate the defendant coupled with a continuance, and he still failed to appear, I would agree with today's decision. Yet those basic steps to preserve his constitutional rights were not taken. For this reason, I respectfully dissent.

        **McDONALD, J., JOINS THIS OPINION IN PART.**

9